UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANGEL PIEDRA, | ) |
| | ) |
| Plaintiff, | ) |
| | )   Case No. 2:12-CV-242 JD |
| v. | ) |
| | ) |
| R. JOHNSON, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Angel Piedra, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. [ECF No. 1.] Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In other words, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Nevertheless, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Piedra claims that R. Johnson, a correctional officer at the Lake County Jail, failed to protect him from an attack by other inmates while he was housed at the jail as a pretrial detainee. Specifically, he claims that in February 2010, Officer Johnson left him alone for a period of approximately five minutes, during which time he was "jumped" by two other inmates, causing him injury including a broken jaw. [ECF No. 1 at 5.]

Piedra's claim is subject to a two-year statute of limitations. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (Indiana's two-year limitations period for personal injury suits applies to Section 1983 claims). Therefore, this lawsuit brought in June 2012 is not timely as to an incident occurring in February 2010. Although the statute of limitations is an affirmative defense, dismissal at the pleading stage is appropriate when the plaintiff alleges facts "sufficient to establish the complaint's tardiness." *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009). That standard is met here.

Apparently anticipating the statute of limitations problem, Piedra asserts that his claim is timely under the five-year statute of limitations set forth in INDIANA CODE § 34-11-2-6 pertaining to suits against public officers. [ECF No. 1 at 4.] This argument is unavailing. A federal court entertaining an action under 42 U.S.C. § 1983 must apply the forum state's general statute of limitations for personal injury suits. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989) ("[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury

actions."). In Indiana the general statute of limitations for personal injury actions is two years. IND. CODE § 34-11-2-4; *see also Bebout v. Thomas*, 409 Fed. Appx. 27, 29 (7th Cir. Feb. 9, 2011) (rejecting argument that five-year statute of limitations for actions against public officers under IND. CODE § 34-11-2-6 applied to action brought under 42 U.S.C. § 1983). Accordingly, the complaint must be dismissed as untimely.

Even if Piedra could overcome the statute of limitations problem, he has failed to state a claim for relief. Because Piedra was a pretrial detainee at the time of these events, his rights are derived from the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment, but the governing standards are, for all practical purposes, the same. *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Correctional officials have a constitutional duty to protect inmates "from violence at the hand of other inmates." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). However, as the Seventh Circuit has observed: "[P]risons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id.* Therefore, a failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown*, 398 F.3d at 913. Instead, a prison official will be held liable for failing to protect an inmate only if deliberate indifference to a prisoner's welfare "effectively condones the attack by allowing it to happen." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). To state a claim, the plaintiff must "allege facts sufficient to show that the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Id.* Negligent or even grossly negligent behavior by the defendant does not suffice. *Grieveson*, 538 F.3d at 777.

Here, Piedra asserts generally that before the attack he "reported to C/O R. Johnson that my safety and security was in jeopardy." [ECF No. 1 at 5.] He does not allege any particularized risk posed by the two inmates who attacked him, however, other than that the cellblock he was on was a dangerous one. In a similar case, an inmate suffered multiple attacks at the hands of other inmates, in one instance for "taking too long on the toilet," in another for snoring during the night, and in yet another because an inmate was angry about losing a card game. *See Grieveson,* 538 F.3d at 776-77. The plaintiff had complained after each incident, asking to be moved because the cellblock he was on was dangerous, but without identifying any specific threat to his safety. Id. at 776. In concluding that jail staff could not be held liable for these attacks even after the plaintiff's complaints, the Seventh Circuit observed that such random violence demonstrated "the tragic realities of jail and prison life that detainees are often subjected to, absent fault on the part of individual jail [staff]." *Id.* at 777.

Similarly, while the attack Piedra suffered is unfortunate, at most he has alleged that Officer Johnson was careless or negligent in leaving him alone. He has not alleged factual content from which it can be plausibly inferred that Officer Johnson knew of a particularized risk of harm and "effectively condoned" the attack by allowing it to happen. *Compare Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (plaintiff stated claim for failure to protect where he alleged that he was assigned to a cell with an inmate who had a known propensity for sexually assaulting other inmates). Therefore, Piedra has failed to state a claim for relief.

As a final matter, Piedra makes reference to state statutes in his complaint, and it is unclear if he is attempting to assert a related claim under state law. Because his federal claim must be dismissed, the court will dismiss any state law claim contained in the complaint without

4

prejudice. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c)."). The dismissal will not preclude Piedra from filing a claim in state court, although the court expresses no opinion about the merits or wisdom of pursuing this course.

For these reasons, this action is DISMISSED pursuant to 28 U.S.C. § 1915A. The plaintiff's federal claim is DISMISSED WITH PREJUDICE, and any state law claim contained in the complaint is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

ENTERED:   June 29, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court